U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
(FT. MYERS)

2008 OCT -2 AM II: 32

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CECIL COLEMAN,

v.

OFFICER BAVARO, ETAL,
OFFICER-PRESCITI, ETAL,
LT. COLEMAN, ETAL.

_____/

Case No.: 2:08-cv-704-FtM-UA-DNF
A Jury Trial is Requested
on all the Merits.

## AMENDED
## 42, U.S.C. § 1983 CIVIL RIGHTS

COMES NOW, the petitioner, pro se, and sues the defendants each of them

individually for their malfeasance conduct that was committed in bad faith, with

malicious intent, or in a manner exhibiting wanton and willful disregard of human

rights, safety, and property, and was outside the scope of their official capacity as

agents of the Department of Corrections.


## JURISDICTION

That jurisdiction is invoked in this Honorable Court via the Florida

Constitution Article V. Section 7.

## PETITIONER

That petitioner is still incarcerated by the Department of Corrections at

Hamilton Correctional Inst. Annex, 11419 SW County Road #249, Jasper, Florida

32052-3735.

## DEFENDANTS

That the defendants each of them, are statutorily accountable pursuant to Florida Statutes Chapter 768.28 (9) for any and all malfeasance conduct committed during their agency as a fiduciary agent of the Department of Corrections.

Defendant: Officer Bavaro, et al

Defendant: Officer Presciti, et al

Defendant: Lt. Coleman, et al


## STATEMENT OF FACTS

Petitioner states he was beat and molested by the officers C/O Bavaro and C/O Presciti and Sgt. Coleman[1] while also using chemical agents on him. This happened on December 16, 2005.

To take petitioner's wheelchair to give to another inmate a David Brewer, however, prior to that, we had words because of a grievance on A.D.A. petitioner wrote on another matter, and the officers told petitioner they would get even with him! And contrary to that is where the taking of the wheelchair comes in. On 12/16/05, and the officers came to petitioner and asked him if they could use his

---

[1] During the time of the incident Lt. Coleman was a Sergeant

wheelchair, and he replied why? And they said for David Brewer, and petitioner told them "no" he can walk, he walks everyday...........And after calling petitioner out of cell...Sgt. Coleman told me I had better let them use that wheelchair because he didn't feel like calling medical!?

They had petitioner to sit at the table, once he pulled himself from the chair. They then tried to roll away with this petitioners personal wheelchair. This chair petitioner came in off the streets with it ...into D.O.C. and its this petitioner only way of moving around. Because he is paralyzed from his waist down, on the contrary petitioner grabbed his wheelchair holding on and they started to beat him down. <u>Because A.D.A. said no to them about his personal wheelchair</u>, medical was full of wheelchairs but these three officers wanted this petitioners wheelchair, and he also states there was no emergency anywhere other then him self after they finished beating petitioner, he needing to go to <u>medical</u> after being sprayed with their chemical agents and then lied on by these officers:

## CAUSE OF ACTION

That the cause proxima of the instant complaint stemming from the fiduciary agency of the defendants as employees of the Department of Corrections (D.O.C.) employed at Charlotte Correctional Institution, and as such the defendants are "strictly liable for any and all malfeasance conduct promulgated in Florida Statutes

Chapter 20.315 and Chapter 944. Because defendant violations of the above statutes and federal title 18 § 241. And 242 are the equivalence of negligence per se, as such the defendants acts. And or omission in relation to the above statutes violates the petitioner's rights as a "protected class of persons".

Therefore, the harm the above statutes were promulgated to prevent is directly imputed to the defendants acts and or omissions. Thus, this § 42 U.S.C. 1983 will compel the liability of the defendants for monetary damages.

In that this petitioner were victimized by the defendants causing the petitioner to suffer unnecessarily the kind of injuries the statute were promulgated to prevent either mentally, physically or through the loss of property, the defendants failed to obey the D.O.C. rules of Florida Administrative Code Chapter 33-4.002 Section (2)(9). And Federal Rules Title 18 § 241 and 242. Civil Rights.

Defendant C/O Bavaro did beat this petitioner while trying to take his chair, and used chemical agents on him by spraying him while trying to give his personal chair to a white inmate. This petitioner is paralyzed.

Defendant: C/O-Presciti did help and assist with this petitioners beating him spraying him with chemical agent to take his personal wheelchair away from this petitioner, so he could give it to a white inmate. This petitioner came in to D.O.C. with his chair because he's paralyzed from the waist down. This officer used chemical agents on this petitioner.

4

Wherefore, the petitioner respectfully prays that this Honorable Court enter a judgement granting the petitioner the following:

(A) A declaratory judgement declaring that the defendants acts and or omissions described herein violated the petitioners civil rights as a "protected class of persons" under the applicable laws of the State of Florida, as provided for convicted felons and under the Unites States Constitution.

(B) That a permanent injunction be placed against the defendants each of them, which prohibits the Department of Corrections or any subdivisions thereof from providing legal services and or assistance to the proximate cause of actions stemmed from malfeasance conduct pursuant to a violation of Florida Statute Chapter 768.28 (9).

(C) Compensatory damages in the amount of $10,000,000 from the defendants each of them to the petitioner.

(D) Punitive damages in the amount of $3,000,000 from the defendants to the petitioner.

(E) Petitioner has alleged that defendants (1) acted under color of state law, (2) they deprived petitioner of his amendment rights, and (3) that petitioner's rights were protected by the United States Constitution:

(F) A jury trial on all the issues triable by a jury.

5

(G) That all court costs and attorney fees of this suit be imputed to the defendants each of them.

(H) Such other and further relief as this Honorable Court may deem proper and equitable.

Executed on ___9 -29 -2008___          Respectfully Submitted,

Hamilton Correctional Inst. – Annex
11419 SW County Road # 249
Jasper, Florida 32052–3735

6