UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CECIL COLEMAN,

        Plaintiff,

vs.                              Case No. 2:08-cv-780-FtM-29SPC

OFFICER PRESCITI and LT. COLEMAN,

        Defendants.
_____/

### ORDER

This matter comes before the Court upon review of Plaintiff's motion for appointment of counsel (Doc. #63, Motion), filed July 8, 2010.

Cecil Coleman, a *pro se* plaintiff who is currently in the custody of the Florida Department of Corrections, seeks the appointment of counsel for the second time in his civil action. Motion at 1. In support of his motion, Plaintiff states the following: he cannot afford counsel, his imprisonment will limit his ability to litigate, he has no education, and has used a "jail house lawyer" handbook with missing pages. Id. Additionally, Plaintiff submits that he is "in interrogatories and [he] does not ant to say something that may hurt him." Id. at 2.

"A civil litigant, including a prisoner pursuing a § 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)(citations omitted). Although

there is no comprehensive definition for what constitutes "exceptional circumstances," the Court should consider the following factors: (1) the type and complexity of the case; (2) the abilities of the individual bringing it; (3) whether the individual is in the position to adequately investigate his case; and (4) whether the evidence will consist mostly of conflicting testimony so as to require skill in cross-examination. <u>Ulmer v. Chancellor</u>, 691 F.2d 209, 213 (5th Cir. 1982) (citations omitted). "The key is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the [C]ourt. Where the facts and issues are simple, he or she usually will not need such help." <u>Kilgo v. Ricks</u>, 983 F.2d 189, 193 (11th Cir. 1993).

The Court affirms its April 3, 2009 Order denying Plaintiff's first motion to appoint counsel. Again, Plaintiff has not satisfied any of the aforementioned factors to necessitate the appointment of counsel. The Court takes concern with Plaintiff's statement that he requires a lawyer's assistance in this case because he is answering interrogatory questions and he does "not want to say something that may hurt him." Plaintiff is required to approach this Court with candor and truthfulness, which is the same obligation imposed upon officers of the court. A review of the docket clearly establishes Plaintiff's ability to litigate his case *pro se*. In particular, Plaintiff recently filed a motion for reconsideration, which the Court granted and directed the U.S.

Marshal to re-attempt service of process. Further, as Plaintiff is aware, the Court holds *pro se* pleadings to less stringent standards than formal pleadings drafted by a lawyer. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's motion for appointment of counsel (Doc. #63) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this 12th day of August, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: alj
Copies: All Parties of Record