FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2010 OCT 29 PM 2: 01

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CECIL COLEMAN,

                    Plaintiff,

vs.                                    Case No.  2:08-cv-780-FtM-29SPC

OFFICER PRESCITI and LT. COLEMAN,

                    Defendants.
_____/

**ORDER**

This matter comes before the Court upon periodic review of the file.   This  Order  concerns  Defendants  Coleman  and  Presciti's service fees owed to the United States Marshal.  See docket.

On January 30, 2009, the Court entered an order (Doc. #14) directing the United States Marshal to mail waiver of personal service of process forms to the special appointee at Charlotte Correctional Institution, the place of employment, for Defendants Bavaro, Preciti, and Coleman.  Doc. #14 at 1.  Service was returned unexecuted on all three defendants.  Docs. #23, #24 (unexecuted as to Lieutenant Coleman, stating "no longer with the Department of Corrections"); Docs. #24, #25 (unexecuted as to Defendant Preciti, "no longer with the Department of Corrections").

On April 6, 2009, the Court entered an order (Doc. #30), based on the outstanding service of process, directing Plaintiff to search for a new address for Defendants Preciti and Coleman, respectively, and file service of process forms reflecting the new addresses.  Plaintiff subsequently requested that the Court assist

him in locating new addresses for the Defendants.   On June 30, 2009, the Court entered an Order (Doc. #35) granting Plaintiff's request.   In the June 30 Order, the Court directed the Florida Department of Corrections to search its respective files and find the last known address of record for the Defendants.   See Doc. #35. The Department of Corrections complied (Doc. #36) and submitted the last known addresses for the Defendants in camera.

On December 31, 2009, the Court entered an order (Doc. #43) re-directing the United States Marshal's Office to mail waiver of service of process forms for Defendants Preciti and Coleman at the addresses provided by the Department of Corrections.   The Defendants were directed that they had thirty (30) days from the date on the Waiver of Service of Summons to return it, if they chose to do so.   Doc. #43, ¶5.  The Court further ordered that if a defendant did return the waiver form, then the Marshal was directed to personally serve that Defendant and the Court would assess the Defendants the fees for personal service.   Id. ¶7.

The waiver forms were mailed to Defendants Preciti and Coleman on January 5, 2010.  Docs. #46, #47. As to Defendant Preciti, the waiver of personal service of process form was returned unexecuted, marked "not known." Doc. #48. Because the Court's January 5, 2010 Order directed the United States Marshal's Office to attempt personal service if the Defendants did not return the waiver forms,

-2-

the Marshal's Office continued to attempt to execute service on Defendants Preciti and Coleman.  <u>See</u> docket at S-4.[1]

The April 21, 2010 Order (Doc. #54) specifically directed the United States Marshal to attempt personal service on Defendant Preciti and noted that service appeared pending on Coleman. Pursuant to <u>Richardson v. Johnson</u>, 598 F.3d 734 (11th Cir. 2010), the Court directed the United States Marshal to take all reasonable efforts to execute service.  <u>See</u> Doc. #54.

On June 14, 2010, the Marshal's Office personally served Defendant Coleman.  Doc. #59 (service fees totaling $437.00).  On June 25, 2010, Defendant Presciti filed an untimely and incomplete waiver of personal service form.  Doc. #60.  On August 2, 2010, pursuant to this Court's April 21, 2010 Order, the Marshal's Office personally served Defendant Presciti.   Doc. #68 (service fees totaling $348.00).

Defendant Coleman elected not to waive personal service of process in this action.  <u>See</u> docket.  The Court made clear in its January 30, 2009, December 31, 2009, and its April 21, 2010 Orders, that when a Defendant fails to waive service of process the Court may order that Defendant to pay the costs of effectuating personal service.

ACCORDINGLY, it is hereby

---

[1]The Defendants' addresses were filed *in camera* because the Court recognizes the need to keep correctional officers' address confidential.

**ORDERED:**

1.   Defendant Coleman shall forward a check to Clerk of Court within ten (10) days of this Order **made payable to the U.S. Marshal in the amount of $437.00,** representing the costs of service upon Defendant Coleman.   Defendant Coleman shall file a Notice of Compliance with the Court.  See U.S. Marshal Form 285 (Doc. #59).

2.   Defendant Presciti shall show good cause within ten (10) days from the date on this Order why, pursuant to Fed. R. Civ. P. 4(d), the Court should not impose the costs of effecting personal service.  See U.S. Marshal Form 285 (Doc. #68).

**DONE AND ORDERED** in Fort Myers, Florida, on this 29th day of October, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

SA: alj
Copies: All Parties of Record

-4-