UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CECIL COLEMAN,

        Plaintiff,

vs.                        Case No.   2:08-cv-780-FtM-29SPC

OFFICER PRESCITI and LT. COLEMAN,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on the following pending motions: Plaintiff's "Motion to Reconsider/And Add Defendant [Navarro]" (Doc. #57); Plaintiff's "Motion to Add Grievance" (Doc. #64); Defendant Coleman and Presciti's "Motion to Dismiss as Frivolous" (Doc. #67, Mot. Dismiss) and Plaintiff's response (Doc. #69, Response) in opposition thereto.  These matters are ripe for review.

**I.**

Cecil Coleman, proceeding *pro se* until yesterday (Doc. #78), is in the custody of the Department of Corrections.  Plaintiff initiated this action by filing a Civil Rights Complaint (Doc. #1, Complaint) pursuant to 42 U.S.C. § 1983 alleging a violation of his Eighth Amendment rights. See generally Complaint. Plaintiff, in summary, alleges that Defendants Bavaro, Presciti, and Coleman used excessive force on him while taking his wheelchair away to give to another inmate.  Complaint at 2.   Specifically, Plaintiff states

"he was beat[en] and molested by the officers . . . while [they] also us[ed] chemical agents on him" on December 16, 2005. Id. Plaintiff also states that Defendants asked Plaintiff if they could "borrow" his wheelchair to give to inmate David Brewer. Id. at 2-3. Plaintiff states that he told the officers, no, because inmate Brewer can walk, but Plaintiff cannot walk because he is paralyzed from the waist down. Id. at 3. Plaintiff further submits that the medical department had other wheelchairs available for inmate Brewer, but Defendants instead used excessive force to take his personal wheelchair because Defendants did not feel like going to the medical department. Id.

Defendants Coleman and Presciti filed an Answer, Defenses, and Demand for Jury Trial (Doc. #62). These defendants then filed Defendants' Motion to Dismiss as Frivolous (Doc. #67) asserting Plaintiff's action is "frivolous, false, and malicious" within the meaning of 42 U.S.C. § 1997e(c)(1) and seeking to assess Plaintiff a "strike" under 28 U.S.C. § 1915(e)(2)(B) and imposition of other sanctions. See Mot. Dismiss at 1. Defendants contend that the allegations in Plaintiff's Complaint are false because a fixed wing video of the events shows only two individuals were involved in the use of force, not three. Id. at 2. Defendants also submit that Plaintiff filed a false pleading with this Court when he stated, "Defendant Coleman 'beat and molested' him[,]" because Plaintiff later acknowledged that Defendant Coleman was not directly involved

in the use of force incident but was in a booth telling the other officers what to do.

In Response to the Defendants' motion, Plaintiff states that his Complaint is not false or malicious. See generally Response at 5-6. Specifically, with regard to Defendant Coleman, Plaintiff submits that he attributes liability on Coleman, because as the supervisor, he either knew or directed the Defendants to act the way they did. Id. at 4.

**II.**

The Court finds that defendants have not established that plaintiff's claim is frivolous or malicious within the meaning of 42 U.S.C. § 1997e(c)(1). A case is deemed frivolous where the complaint lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1349 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346 (11th Cir. 2001). Frivolous claims are those that describe "fantastic or delusional scenarios." Bilal, 251 F.3d at 1349. The factual discrepancies identified by defendants, coupled with plaintiff's response, do not satisfy this standard, and dismissal with prejudice would be an overly severe sanction.

Because plaintiff is now represented by counsel, the Court will allow counsel to file an amended complaint. This will moot plaintiff's other pending motions.

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's "Motion to Reconsider/And Add Defendant [Navarro]" (Doc. #57) is **DENIED** as moot.

2. Defendants' Motion to Dismiss (Doc. #67) is **DENIED.**

3. Plaintiff's "Motion to Add Grievance" (Doc. #64) is **DENIED** as moot.

4. Plaintiff, through counsel, may file an amended complaint within **TWENTY-ONE (21) DAYS** of the date of this Opinion and Order.

**DONE AND ORDERED** in Fort Myers, Florida, on this __2nd__ day of November, 2010.

_____
JOHN E. STEELE
United States District Judge

SA: alj
Copies:
Counsel of Record
All Parties of Record