UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CECIL COLEMAN,

    Plaintiff,

vs.           Case No. 2:08-cv-780-FtM-29SPC

VICTOR PRESCITI, DOUGLAS COLEMAN,
and LEONARDO NAVARRO, individually,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court upon review of Defendants' Motion for "Rule 11(b) Sanctions"[1] (Doc. #138, Motion) and supporting exhibits attached thereto (Doc. #138-1, Defs' Exhs. A-P). Plaintiff filed a response (Doc. #142, Response) in opposition and also attached supporting exhibits (Doc. #142-1, Pl's Exhs. A-C). After being granted leave from the Court, Defendants filed a Reply (Doc. #146, Reply) to the Response and attached exhibits (Doc. #146-1, Defs' Reply Exhs. A-F), and Plaintiff filed a Surreply (Doc. #151, Pl's Surreply) and included exhibits (Doc. #151, Pl's Surreply Exhs. A-C). This matter is ripe for review.

**I.**

By way of background, Cecil Coleman, an inmate in the custody of the Florida Department of Corrections, initiated this action by

---

[1]Defendants do not specifically cite to which subsection of Rule 11(b) they move. See Motion at 1, 4. Defendants argue that Plaintiff has made numerous claims with no reasonable basis in fact. Id. at 5. Therefore, the Court construes the Motion as filed pursuant to Rule 11(b)(3).

filing a pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on October 2, 2008. On November 1, 2010, counsel entered his appearance on behalf of Plaintiff and was permitted to file a Third Amended Complaint (Doc. #109, Third Complaint) on May 5, 2011. See generally docket; see also Order at 4. The Third Complaint sued Defendants Victor Presciti, Douglas Coleman, and Leonardo Navarro, in their individual capacities, claiming a violation of Plaintiff's Eighth Amendment rights occurred at Charlotte Correctional when Defendants applied excessive force on him on December 16, 2005, while "taking away his wheelchair." Id. On November 7, 2011, the Court granted Defendants' Motion for Summary Judgment after a thorough review of the record, including videotape surveillance of the incident that clearly depicted Plaintiff lunging toward the correctional officer who was pushing Plaintiff's wheelchair away. Order at 20-21. The Court found that based upon the record, the evidence was "so one-sided that Defendants must prevail as a matter of law." Id. at 12.

Defendants now move for sanctions pursuant to Fed. R. Civ. P. 11(b)(3) against Plaintiff, or counsel for Plaintiff. Motion at 1. Defendants submit that on August 5, 2011, they gave Plaintiff notice pursuant Rule 11(c)(2) that they intended to file a Rule 11 Motion unless Plaintiff modified or rescinded his action. Id. at 5; see also Defs' Exh. P at 77. Plaintiff acknowledges receiving the Rule 11 Notice, but disputes what Defendants' Notice contained.

See Response at 9. Specifically, Plaintiff submits that the Rule 11 Notice is not identical to the instant Motion and further submits that Defendants failed to serve him with a copy of the exhibits cited therein. Id. In Reply, Defendants acknowledge that their exhibits were not attached to the Rule 11 Notice because Plaintiff's counsel was already in possession of the exhibits from a March 9, 2011 discovery production and the Rule 26 disclosures, with the exception of Plaintiff's February 2007 arrest report for fleeing and alluding a law enforcement officer.[2] Reply at 2. The Court has reviewed the Rule 11 Notice and finds the Notice provided Plaintiff with the basis upon which Defendants are currently seeking sanctions.[3] See Defs' Exh. P at 73-78. After considering

---

[2] Defendants submit that Plaintiff was arrested twice for fleeing or eluding a law enforcement officer (February 2007 and November 2007). Reply at 3. The Court has thoroughly reviewed the record and cannot locate a "February 2007" arrest report for fleeing and alluding a law enforcement officer. With respect to the "November 2007" arrest report, the record contains a Declaration from Plaintiff's arresting officer, C.A. Sames, referencing Plaintiff's "October 6, 2007" arrest for fleeing and alluding a law enforcement officer. Defs' Exh. I at 29. However, the arrest report shows the fleeing and alluding incident occurred on November 6, 2007. Id. at 31. This discrepancy is irrelevant because Plaintiff's counsel received notice from Defendants that in late 2007 Plaintiff plead guilty to fleeing and alluding a law enforcement officer by car, as the driver, and then by foot. Id. at 31-33.

[3] Specifically, Defendants' Rule 11 Notice advised Plaintiff of the following factual inconsistencies: (1) the injuries Plaintiff claimed he sustained as a result of the alleged excessive use of force were not caused by the incident; (2) Plaintiff was not paraplegic since 2003 as evidenced by his 2007 conviction for fleeing and alluding a law enforcement officer; (3) during Plaintiff's March 22, 2011 deposition, Plaintiff misrepresented

(continued...)

the instant pleadings and a thorough review of the record, the Court will exercise its discretion and not award sanctions.[4]

**II.**

Rule 11 requires the court to impose appropriate sanctions where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. Fed. R. Civ. P. 11(b); Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002); see also Eagle Hosp. Physicians, LLC v. SRG Consulting Inc., 561 F.3d 1298, 1306 (11th Cir. 2009)(stating "The key to unlocking a court's inherent power is a finding of bad faith.")(citations omitted); see also Thompson v. Relation Serve Media, Inc., 610 F.3d 628, 637

---

[3](...continued) that he plead "no contest" to the 2007 conviction when in fact he plead guilty; (4) during Plaintiff's March 22, 2011 deposition, Plaintiff lied when he said he never used an alias or any other name other than Cecil Coleman, Jr. when he in fact pled guilty to giving a false name or identification in February of 2008; (5) Plaintiff misrepresented that Defendant Navarro punched him during the December 16, 2005 use of force; and (6) Plaintiff misrepresented that Defendant Presciti kicked him during the December 16, 2005 use of force. See Defs' Exh. P at 73-76. The record also shows that on May 3, 2011, prior to the Rule 11 Notice, Defendants sent an email to Plaintiff's counsel cautioning him about Plaintiff's "false statements" with respect to Plaintiff having a "missing tooth," "paraplegia," and "contradictory statements regarding his arm injury," "among other things." Reply Exh. B at 9-10. Plaintiff's counsel responded to Defendants' email that to his knowledge his client "has always been admirably candid with me and with you." Id. at 9.

[4]Plaintiff was released from the Department of Corrections on November 25, 2011. See www.dc.state.fl.us

(11th Cir. 2010)(citation omitted). In making the determination, the Court must evaluate whether "the party's claims are objectively frivolous" and whether "the person who signed the pleadings should have been aware they were frivolous." Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)(citing McGuire Oil Co. v. Mapco, Inc., 958 F.2d 1552, 1563 (11th Cir. 1992)). Assessment of conduct under Rule 11 is by an objective standard which evaluates the reasonableness under the circumstances and what was reasonable to believe at the time the pleading was filed. Riccard, 307 F.3d at 1294. "If particularly egregious, the pursuit of a claim without a reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998)(citations omitted). Rule 11 applies to pro se plaintiffs, but the court must take into account a plaintiff's pro se status when it determines whether the filing was reasonable. Harris v. Heinrich, 919 F.2d 1515, 1516 (11th Cir. 1990)(citations omitted). "Sanctions are warranted when a party exhibits a deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak. Riccard, 307 F.3d at 1294. (citation and quotations omitted). Rule 11 of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court[.]" Zocaras v. Castro, 465 F.3d 479, 484 (11th Cir. 2006), cert. denied, 549 U.S. 1228 (2007). Misrepresentations to the Court under Rule 11(b) are

subject to sanctions pursuant to Rule 11(c).    Fed. R. Civ. P. 11(c).

### III.

**A.   Representations made by <u>Pro Se</u> Plaintiff**

**1.   Three Defendants "Beat and Molested" Plaintiff**

Plaintiff's initial Complaint alleged Defendants Bavaro, Presciti, and Sergeant Coleman "beat and molested" him. <u>See</u> Complaint at 2. Defendants submit that the fixed-wing video only revealed two correctional officers involved in the use of force. Motion at 1.  In Response, Plaintiff states that the Third Complaint superceded the initial Complaint and clarified that Defendant Coleman's role in the use of force was to "roll" the door to his cell, to threaten him, and to encourage the other officers to physically abuse him.  Response at 2.

**2.   Deposition Testimony**

During Plaintiff's March 22, 2011 deposition, he claimed he plead "no contest" to his 2007 fleeing or attempting to allude a law enforcement officer and that he never used an alias or any other name other than Cecil Coleman, Jr. Motion at 3. Defendants point out that Plaintiff plead guilty to both fleeing or attempting to allude a law enforcement officer and to giving a false name or identification.   <u>Id.</u>    Plaintiff does not respond to these allegations in either his Response or his Surreply. <u>See</u> <u>generally</u> Response; Surreply.

**B. Representations by Plaintiff After Representation by Counsel**

   **1. Injuries Sustained as a Result of the Use of Force**

The Third Complaint alleged that Plaintiff lost feeling in his left arm and lost a lower incisor tooth as a result of the use of force incident.  Defendants point out that on at least two prior occasions Plaintiff represented that his left arm injuries were caused by gunshot wounds.  Motion at 3.  Defendants further submit that the Department of Corrections' dental records reveals that Plaintiff lost the lower incisor tooth years <u>before</u> the use of force incident at issue occurred.  Motion at 2-3.

In Response, Plaintiff submits that there is an issue with regard to whether Plaintiff lost the use of his left arm immediately or gradually and states that gradual loss of use is not inconsistent with paresthesia.  Response at 5, n. 2.  Plaintiff also avers that the Department of Corrections' dental records contain discrepancies and implies that he only had redacted copies of the records thereby precluding the determination of whether all the records in fact belonged to Plaintiff.  Response at 3 (citing Doc. #113-1, pages 1-4); <u>see</u> <u>also</u> <u>id.</u> at 8.

   **2.  Plaintiff's Paraplegia**

The Third Complaint alleged that Plaintiff was a paraplegic since a 2003 incident that occurred at a county jail and therefore Plaintiff required the use of a wheelchair.  Motion at 3. Defendants point out that Plaintiff's allegations of paraplegia are

inconsistent with Plaintiff's February 2008 guilty plea to fleeing or attempting to allude a law enforcement officer, in which the arrest report showed Plaintiff fled by foot and by car. Motion at 3. Defendants also point to an affidavit from Doctor Rummel who opines that "there is no objective medical or scientific evidence to support a diagnosis of paraplegia." Motion at 3, citing Defs' Exh. H.

In Response, Plaintiff states that he suffers from "paraparesis," a form of paraplegia, and refers the Court to records from Shands Hospital confirming the diagnosis. Response at 2 (citing Pl's Exh. A, Shands Medical Records; see also Id. at 5). With regard to Plaintiff's guilty plea to the fleeing and alluding a law enforcement officer, Plaintiff submits that his guilty plea is not necessarily dispositive of the question of whether Plaintiff ran because the chase initially involved a vehicle. Response at 6.

### 3. Events that Transpired During Use of Force

The Third Complaint alleged that Defendant Navarro (identified as the officer on the video who pushed the wheelchair away) punched Plaintiff during the use of force and that Defendant Presciti (identified as the officer who did not push the wheelchair away) kicked Plaintiff during the use of force. Motion at 4. Defendants argue that the wing video shows no punching or kicking. Motion at 4.

In Response, Plaintiff submits that the video evidence is inconclusive and arguably shows Defendant Presciti drawing his elbow back and deliver what appears to be "a punch" and reveals Defendant Navarro crouching down to kick Plaintiff's legs to the right, before proceeding to place his knee into Plaintiff's buttocks. Response at 3.

### IV.

In the exercise of its discretion, the Court will not impose sanctions against either pro se Plaintiff, or his counsel. With respect to the allegations Plaintiff raised in his initial Complaint that he was "beat and molested" by all three Defendants, these allegations were not raised in the Third Complaint, which is the operative complaint. Thus, Defendants raise a moot argument.

Defendants also refer the Court to Plaintiff's statements made during his deposition, specifically that he plead "no contest," instead of accurately stating that he pled "guilty," to fleeing or alluding a law enforcement officer; and, that he had never used another alias when he in fact previously plead guilty to such a charge. The Court finds Plaintiff's statements do not rise to the level to warrant Rule 11 sanctions because neither of these statements are relevant to the issues involved in this case: whether the Defendants applied excessive force in violation of the Eighth Amendment.

With regard to the allegations in the Third Complaint, the Court does not find that Plaintiff's counsel filed the action in bad faith. At the outset, it is not a determination for the Court to find whether Plaintiff is paraplegic, or has paraparesis, and therefore requires the use of a wheelchair. Neither Plaintiff's medical condition nor his medical need for a wheelchair was material to the Court's Eighth Amendment analysis.

With regard to Plaintiff's injuries, Rule 11 sanctions are warranted when a party exhibits deliberate indifference to obvious facts, but not when the party's evidence to support a claim is merely weak. <u>Supra</u> at 5. Of significance in this case is the Warden of Charlotte Correctional issued a report finding that Defendant Presciti's use of force during the incident at issue was "unnecessary." This report arguably provided Plaintiff with a reasonable factual basis to pursue his Eighth Amendment claim against Defendant Presciti and the other officers alleged to have participated in the incident. The fact that Plaintiff sustained gunshot wounds in his left arm that apparently caused his arm to go dead years before the use of force incident, does not diminish Plaintiff's claims that his left arm also sustained injury from the use of force. With regard to the lower incisor tooth, the summary judgment evidence contradicted Plaintiff's claims that he lost the tooth as a result of the use of force. However, the fact that Plaintiff's evidence was weak does not subject him to Rule 11

sanctions.  Nor does the Court find that Plaintiff intentionally filed false statements regarding an alleged "kick" from Defendant Presciti and a "punch" from Defendant Navarro during the use of force incident.  The videotape arguably shows Defendant Navarro pulling his arm back and Defendant Presciti moving Plaintiff's legs with his foot when assisting to secure Plaintiff on the ground.

ACCORDINGLY, it is hereby

**ORDERED**:

Defendants' Motion for Rule 11 Sanctions (Doc. #138) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, on this __24th__ day of September, 2012.

JOHN E. STEELE
United States District Judge

SA: alj
Copies: All Parties of Record